OPINION
This is an appeal from a judgment of the Van Wert Municipal Court which ordered Defendant-Appellant, Munir Uwaydah (Uwaydah), to pay Plaintiff-Appellee, Gregory Wilson (Wilson), $12,000 for failing to perform in a contract for Uwaydah's services as an expert witness.
On January 5, 2000, Wilson, an attorney acting pro se, filed a complaint against Uwaydah in order to recover money already paid to Uwaydah for Uwaydah's failure to perform an oral contract. On May 25, 2000, the case was heard before the trial court. The parties testified that on or about April 26, 1999 Wilson met with Uwaydah to discuss the possibility of Uwaydah serving as a medical expert in a medical malpractice case for which Wilson was plaintiff's counsel. Wilson paid Uwaydah $2000 for the initial meeting. After reviewing the file, Uwaydah agreed to serve as Wilson's medical expert.[1] Wilson testified that Uwaydah gave him a medical opinion which Uwaydah represented the medical research would support. Additionally Wilson testified that his oral agreement with Uwaydah was for the following services,
 (1) to assist in preparing questions for the depositions
(2) to research the medical literature and write a report
(3) to sit for deposition
(4) to testify at trial
Wilson also testified that he told Uwaydah that Uwaydah was to perform the research himself and not employ the help of others. Uwaydah testified that Wilson never told him he could not enlist help and, consequently, had his father help him perform the research. Wilson also testified that Uwaydah set his own fee of $12,000 to complete the entire list of services. However, Uwaydah testified that the agreement reflected that the payment of $12,000 only covered reviewing the file, performing the research and writing the report. Uwaydah further testified that he told Wilson that Uwaydah's fee was an additional $10,000 per day for any additional meetings such as depositions and the trial. However, Wilson testified that these additional costs were not discussed.
Wilson alleges that Uwaydah breached the contract in the following ways: Uwaydah failed to return several of Wilson's phone calls regarding the case, Uwaydah did not perform the research himself, Uwaydah failed to produce deposition questions, and Uwaydah demanded an additional $20,000 to attend a pre-deposition meeting and a deposition. Wilson testified that, on December 7, 1999, as a result of Uwaydah's failure to adhere to the contract, Wilson sent a letter terminating Uwaydah as his medical expert. On December 13, 1999, Wilson demanded the $12,000 be returned less an amount for Uwaydah's services already rendered. Uwaydah testified that as of December 7, 1999, he was nearly finished with the research; however, he had not written the report.
Despite his termination, on January 14, 2000, the day before the report was due to be filed in Court, Uwaydah submitted an eighteen-page report.[2] Wilson testified that Uwaydah's report does not support the opinion Uwaydah gave him when the two contracted.
On November 28, 2001 the trial court filed its judgment entry which awarded Plaintiff $12,000. The trial courts entry included the following language,
 "In a civil case the burden is upon the Plaintiff to prove the claim by a preponderance of the evidence. If the evidence is equal then the plaintiff has failed to prove the claim. If however the Plaintiff's evidence upon full consideration is greater than the evidence against it, the claim has been proven. The evidence in this case is close.
"* * *
 "A second issue is the "timeliness" of the performance. As a general rule, time is presumed to be of the essence of any contract. A reasonable time for completion is normally allocated to every contract, unless otherwise required. The underlying cause for the contract between the parties was a malpractice action filed in another jurisdiction. The court finds that Ohio Revised Code Section 2305.11 overlays any such contract and imposes a stricter time requirement.
"The court finds that the defendant has failed to perform as required and grants judgment to the plaintiff in the sum of Twelve Thousand ($12,000) dollars, plus costs and statutory interest."
 Uwaydah now appeals asserting the following assignments of error
 The trial court erred in its finding that time is presumed of the essence in any contract.
 The trial court erred in finding that Defendant failed to perform his part of the contract in a timely fashion.
This court has held that "the general rule as to contracts is that time of performance is not of the essence unless the parties have included an express stipulation to that effect or such a requirement can be implied from the entire nature or circumstances of the contract." Stults Associates, Inc. v. United Mobile Homes, Inc. (Oct. 14, 1998), Marion App. No. 9-97-66. As such, the trial court erred in holding that time is presumed to be of the essence in every contract, and to this extent only; the first assignment of error is overruled. However, this statement alone does not require that we reverse the trial court's decision, as Uwaydah asserts. We note that in a contract for the services of a medical expert in a lawsuit which has mandatory deadlines, it would ordinarily be implicit that time is of the essence. Moreover, the evidence in this case supports such a finding.
A trial court is in the best position to weigh credibility as it has the opportunity to hear the testimony and observe the demeanor of the witnesses. Seasons Coal Co., Inc. v. City of Cleveland (1984),10 Ohio St.3d 77, 80. Thus, a judgment will not be reversed by a reviewing court as being against the manifest weight of the evidence if it is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, 280.
In its judgment entry, the trial court found that Uwaydah "has failed to perform as required." As there was no written agreement between the parties, the evidence presented regarding the contract was largely Wilson and Uwaydah's testimony. Wilson testified that the parties agreed that Uwaydah would perform the four above-mentioned tasks in exchange for $12,000, while Uwaydah testified that the contract called for an additional $10,000 a day for any deposition or trial dates. We find that the trial court was well within its prerogative to accept Wilson's version of the contractual agreement. Accordingly, evidence shows that Uwaydah failed to perform his part of the contract when he refused to make himself available to Wilson to help with deposition questions, when he failed to return several phone calls from Wilson regarding the case, when he failed to cooperate with Wilson in order to set his own deposition date, when he demanded an additional $20,000 for his deposition and preparation time with an intention to demand another $20,000 for the trial preparation and the trial itself and when six weeks after Wilson terminated his employment, he filed an eighteen page report, including an article, which he did not fully prepare himself and which did not support the medical opinion as represented to Wilson in their initial meeting. Based on the foregoing, we find that there is sufficient evidence to support the trial court's finding that Uwaydah effectively failed to perform any of the services agreed to after the initial conference and the trial court's judgment awarding a return of the $12,000 to Wilson.
Accordingly, except as noted earlier regarding the first assignment error, Appellant's first and second assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
HADLEY and BRYANT, JJ., concur.
[1] Wilson and Uwaydah agree on the factual issues up to this point.
[2] A copy of an article from the 1970 edition of the Journal of Pediatrics was attached to the report and made up nine of the eighteen pages.